**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

NAOMI JAMES WATSON,

     Plaintiff,

         v.                         Civil Action No. 12-CV-01635-AW

GEICO GENERAL INSURANCE
COMPANY *et al.*,

     Defendants.

---

## MEMORANDUM OPINION

Plaintiff Naomi James Watson brings this action against the following Defendants: (1) Geico General Insurance Company; (2) Kimberly K. Fite; (3) Ameer Shakeer; (4) Ann Williams; and (5) Gabriel Merrill. Plaintiff asserts claims for breach of contract and negligence. Pending before the Court are the following motions: (1) the United States' Motion to Substitute; (2) the United States' Motion to Dismiss; and (3) Plaintiff's Motion for Summary Judgment Against Defendant Ameer Shakeer. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** the United States' Motion to Substitute, **DENIES** the United States' Motion to Dismiss, and **STAYS** Plaintiff's Motion for Summary Judgment.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises from a multi-car collision on the Southeast-Southwest Freeway in Washington, D.C. On or around April 21, 2009, Plaintiff Namoi James Watson was a passenger in a car driven by Carolyn Watson. Plaintiff alleges that she and Watson were travelling behind a car driven by Defendant Kimberly K. Fite. Plaintiff alleges that Fite told her that an unidentified

vehicle took Fite's right of way, thereby causing Fite to collide with Plaintiff. Plaintiff further alleges that Defendant Amer Shakeer rear-ended her during the same accident, in part due to the negligence of Defendants Ann Williams and Gabriel Merrill.

On June 1, 2012, the United States, representing Defendant Fite, removed the case. Doc. No. 1. Defendant Shakeer has appeared and is represented by Mark T. Foley. The record does not reflect that Plaintiff has served Defendants Williams or Merrill.

On June 1, 2012, the United States filed a Motion to Substitute. Doc. No. 6. The United States asserts that Fite acted within the scope of her employment during the crash and that the Court should substitute it as a defendant for Fite. The United States supported this Motion with a certification from the U.S. Attorney for the District of Maryland that Fite acted within the scope of her employment during the accident. Doc. No. 6-2.

Plaintiff responded on June 14, 2012. Plaintiff contends that the United States' Motion is premature inasmuch as the Parties have yet to conduct discovery.

On June 18, 2012, the United States filed a Motion to Dismiss. Doc. No. 9. The United States asserts in its Motion to Dismiss that Plaintiff failed to exhaust administrative remedies and that the Court lacks subject matter jurisdiction over her claim.

Plaintiff responded on June 28, 2012. Plaintiff notes that the United States' Motion to Dismiss takes for granted that Fite acted within the scope of her employment when the accident occurred. Plaintiff argues that this question is not properly before the Court as the Parties have conducted little discovery.

On July 10, 2012, Plaintiff filed a Motion for Summary Judgment Against Defendant Shakeer. Doc. No. 28. Plaintiff asserts that it is undisputed that Shakeer rear-ended her and argues that this fact entitles her to summary judgment.

Shakeer filed a Motion for Extension of Time to Respond on August 9, 2012, well after the July 27, 2012 deadline for responding. Doc. No. 29. In his Motion for an Extension of Time, Shakeer asks for an additional ten days to respond to the Motion for Summary Judgment. The ten days that Shakeer requested expired on August 19, 2012. Therefore, on October 1, 2012, the Court issued a Paperless Order denying as moot Plaintiff's Motion for an Extension of Time.

## II.      STANDARD OF REVIEW

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction," *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), only one of which is relevant to the subject-matter jurisdiction attack at issue. "[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings 'to resolve factual disputes concerning jurisdiction.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995)). In other words, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams*, 50 F.3d at 304 (citation and internal quotation marks omitted). These authorities are consistent with the Supreme Court's obiter dictum that "if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)" on FTCA grounds. *Williams*, 50 F.3d at 304 (citation omitted).

### III.   LEGAL ANALYSIS

### A.   Motion to Substitute

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The FTCA effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Id.* at 651 (quoting 28 U.S.C. § 1346(b)(1)). In other words, the FTCA generally waives the United States' sovereign immunity with respect to common law torts that federal employees commit while acting within the scope of employment. *See id.*; *Jamison v. Wiley*, 14 F.3d 222, 226 n.1 (4th Cir. 1994) (citation omitted). Thus, a preliminary inquiry in many FTCA cases is whether the federal employee acted within the scope of her employment when she committed the alleged tort. *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009). This inquiry is jurisdictional. *Id.*

"When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act." *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) (citing 28 U.S.C. § 2679(d)(1)). "When the certification is challenged, it serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Gutierrez de Martinez v. Drug Enforce. Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997) (citing cases); *see also Maron*, 126 F.3d at 322–23 (citing cases). However, the United States Attorney's certification "does not carry any evidentiary weight unless it details and explains the bases for its conclusions." *Maron*, 126 F.3d at 323. Furthermore, dismissal under Rule 12(b)(1) is

generally improper when the scope-of-employment question determines both jurisdiction and the underlying merits of a FTCA claim. *See Kerns*, 585 F.3d at 187.

In this case, it is premature to grant the United States' Motion to Substitute. Although the U.S. Attorney has certified that Fite acted within the scope of her employment in connection with the crash, the certification is conclusory. Furthermore, as in *Kerns*, the scope-of-employment question is intertwined with both the jurisdictional question and the merits of Plaintiff's claim. For Plaintiff to proceed with her suit against Fite, she must show that Fite acted outside the scope of her employment. Thus, while the scope-of-employment question may not be a formal element of her negligence claim, it is a prerequisite to the continuance of the suit; hence, it has the same practical effect.

The Court is aware of its decision in in *Khatami v. Compton*, 844 F. Supp.2d 654 (D. Md. 2012). In *Khatami*, the Court granted the United States' motion to substitute where, as here, the United States moved to substitute itself as defendant for a U.S. employee/defendant whom the plaintiff alleged acted outside the scope of her employment during the tortious activity.

*Khatami* is distinguishable. The Court expressly noted in *Khatami* that "the United States . . . included ample evidence with both its Motion to Substitute and Motion to Dismiss." *Id.* at 659 n.1. The copiousness of the United States' evidence facilitated the Court's task of determining whether the Plaintiff acted outside the scope of her employment during the challenged conduct. Here, dissimilarly, the United States' Motion to Substitute and Motion to Dismiss are barren of evidence.

Accordingly, the Court will deny without prejudice the United States' Motion to Substitute and authorize limited discovery. The United States' Motion to Dismiss is moot.

**B.**     **Motion for Summary Judgment**

The Court refrains from ruling on Plaintiff's Motion for Summary Judgment against Shakeer. Although Shakeer has failed to respond to the Motion, it contains scant legal reasoning and relies exclusively on Plaintiff's unanswered interrogatories. The Court deems it advisable to stay this Motion for fourteen days. If Shakeer fails to respond to the Motion within this period, the Court will lift the stay and decide it on the merits.

**C.**     **Odds and Ends**

The record does not reflect that Plaintiff has served Defendants Williams or Merrill. The Court orders Plaintiff to show cause why it should not dismiss these Defendants for failure of service of process.

**IV.**   **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the United States' Motion to Substitute, **DENIES** the United States Motion to Dismiss, and **STAYS** Plaintiff's Motion for Summary Judgment. A separate Order follows.

|  |  |
|---|---|
| October 2, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |